FILED

Todd A. Ross
189 Fish Hawk Drive
Winter Haven, FL 33884-4168
(480) 455-7711

11 OCT 11 PM 12: 54

˙· .· .˙ ·˙·˙ ·.˙· ·˙·˙
MIDDLE DIS... . OF FLORIDA
TAMPA. FLORIDA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR SG MORTGAGE SECURITIES TRUST 2006-OPT2, ASSET BACKED CERTIFICATES, SERIES 2006-OPT2, | )Case No.: 8:11-cv-02019-RAL-TGW<br>)<br>)<br>) |
| Plaintiff, | ) **ANSWER, AFFIRMATIVE**<br>)<br>) **DEFENSES AND**<br>) |
| vs. | ) **COUNTERCLAIM**<br>) |
| TODD A. ROSS; DANIELLE ROSS; AMERICAN HOME MORTGAGE SERVICING, INC. AS SUCCESSOR-IN-INTEREST TO OPTION ONE MORTGAGE CORPORATION; HART LAKE COVE HOMEOWNERS ASSOCIATION, INC.; UNKNOWN PERSON(S) IN POSSESSION OF THE SUBJECT PROPERTY; | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

### ANSWER

1.      Defendants are informed and believe and thereon allege the following Answer:

2.      Defendants deny that HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR SG MORTGAGE SECURITIES TRUST 2006-OPT2, ASSET BACKED CERTIFICATES, SERIES 2006-OPT2 exists.

1

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

3.      Defendants deny that Courtney Kilbourne is the attorney authorized to represent Plaintiff.

4.      Defendants deny that Courtney Kilbourne is authorized to appear in Federal Court.

5.      Defendants deny that Kahane & Associates, P.A. is the law firm representing Plaintiff.

6.      In response to paragraph 1, Defendants object that the allegation of paragraph 1 is a conclusory statement of law that cannot be admitted or denied.

7.      Defendants object that the allegation of paragraph 2 is ambiguous and compound; subject to that objection, Defendants admit that documents were recorded on Book 6897, Page 5448 and Book 7031, Page 1734 but denies the remaining allegations.

8.      Defendants object that the allegation of paragraph 3 is conclusory; subject to that objection, Defendants lack sufficient information to admit or deny that Plaintiff is a person entitled to enforce any loan or mortgage and therefore deny.

9.      Defendants admit that Defendants own the property.

10.     Defendants object that the allegation of paragraph 5 is conclusory, ambiguous and compound; subject to that objection, Defendants deny.

11.     Defendants object that the allegation of paragraph 6 is conclusory, ambiguous and compound; subject to that objection, Defendants lack sufficient information to admit or deny and therefore deny.

12.     Defendants object that the allegation of paragraph 7 is conclusory, ambiguous and compound; subject to that objection, Defendants lack sufficient information to admit or deny and therefore deny.

13.     Defendants object that the allegation of paragraph 8 is conclusory, ambiguous and compound; subject to that objection, Defendants lack sufficient information to admit or deny and therefore deny.

2

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

14.     Defendants object that the allegation of paragraph 9 is speculative, conclusory, ambiguous and compound; subject to that objection, Defendants lack sufficient information to admit or deny and therefore deny.

15.     Defendants object that the allegation of paragraph 10 is speculative, conclusory, ambiguous and compound; subject to that objection, Defendants lack sufficient information to admit or deny and therefore deny.

16.     Defendants object that the allegation of paragraph 11 is speculative, conclusory, ambiguous and compound; subject to that objection, Defendants lack sufficient information to admit or deny and therefore deny.

### AFFIRMATIVE DEFENSES

17.     Defendants allege the following Affirmative Defenses:

18.     Plaintiff failed to effect service of process on Defendants as required by law.

19.     Plaintiff fails to state claims upon which relief may be granted on any of its claims against Defendants.

20.     Any and all loans to Defendants or its privies from Plaintiff, from Plaintiff's predecessor(s), or from others related to Plaintiff, have been rescinded pursuant to the Truth in Lending Act (15 U.S.C. § 1601 et seq).

21.     Plaintiff, through its words, actions and inaction have waived or are otherwise estopped to assert any claim, right, obligation or duty relating to its claims.

22.     Defendants are informed and believe and on such information and belief allege, that Plaintiff was engaged in conduct that constitutes a waiver of their rights under the contract alleged. By reason of said waiver, Defendants are excused from further performance of the obligations under the alleged contract.

23.     Defendants allege that the Plaintiff herein, and each and every Cause of Action contained in the Complaint, are barred by reason of acts, omissions, representations and courses of conduct by Plaintiff by which Defendants were led to rely to his detriment, thereby barring, under the doctrine of equitable estoppel, any Causes of Action asserted by the Plaintiff.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

3

24.     At all material times, Plaintiff was fully aware that it had no valid mortgage. Its actions and comments to Defendants to the contrary constitute fraud and prohibit Plaintiff's recovery in this case.

25.     At all material times, Plaintiff was fully aware that the "Lender" never loaned any money. Its actions and comments to Defendants to the contrary constitute fraud and prohibit Plaintiff's recovery in this case.

26.     Plaintiff was not the owner of the mortgage nor of the property. Plaintiff was not the owner of the beneficial interest in the Note. Plaintiff have no secured interest in any of Defendants' property. There is no legally valid chain of title leading to Plaintiff. Upon information and belief, Plaintiff is not registered to do business in Texas. Therefore, Plaintiff lacks standing to complain in this action.

27.     Plaintiff knew of all the matters complained of, before becoming involved in Defendants' affairs. Plaintiff cannot put themselves in harm's way and then complain to the Court for relief.

28.     This lawsuit was not authorized by the relevant Board(s) of Directors.

29.     Plaintiff have already collected mortgage insurance.

30.     Plaintiff has not been damaged by Defendants' conduct.

31.     Plaintiff does not come to court with clean hands. Plaintiff is not entitled to obtain an equitable remedy on account of the fact that the Plaintiff is acting unethically or have acted in bad faith with respect to the subject of the complaint. Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of relief.

32.     Defendants are informed and believe and on such information and belief allege that Plaintiff breached its contract, if any, with Defendants, and that by reason of said breach of contract, Defendants have been excused of its duties to perform all obligations set forth in said contract.

33.     Plaintiff complains on the basis of a contract to which Plaintiff is not a party. The contract complained of did not originally involve Plaintiff, and there has been no novation. Plaintiff cannot put itself in harm's way and then complain.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

4

34.     Defendants allege that they have suffered damage by reason of Plaintiff's conduct; that they have the right of offset if any amount of money is owed to Plaintiff or due Plaintiff by way of damage.

35.     Defendants allege that Plaintiff's actions constituted a full release and waiver by Plaintiff of any and all claims which Plaintiff may have against Defendant.

36.     Defendants allege that the each and every purported Cause of Action in the Complaint is barred because Plaintiff have engaged in acts and courses of conduct which rendered them in pari delicto.

37.     Defendants allege that performance by Defendants of certain acts were contingent upon receipt of specific instructions or otherwise properly directed any action which supposedly were to be undertaken by Defendants, thus Defendants' authority, direction and cooperation was a condition precedent to any alleged obligation by Defendants to perform such acts.

38.     The damages referred to in the Complaint by Plaintiff was proximately caused by the Plaintiff and/or others affiliated in any manner with Plaintiff in that at all times relevant herein, Plaintiff failed to exercise for its own protection the proper care and precautions which prudent persons under the same and similar circumstances would have exercised and that if Defendants committed any wrongful act at all (which supposition is made for the purpose of its defense without admitting such to be a fact), the aforesaid conduct by Plaintiff and/or entities or persons associated in any manner with the Plaintiff contributed to the happenings of the alleged damages.

39.     Plaintiff is barred by the provisions the Statute of Frauds.

40.     The Plaintiff herein and each and every purported Cause of Action in the Plaintiff is barred as a result of a failure of consideration.

41.     Any and all contracts alleged explicitly or implicitly in the Complaint have been substantially and/or partially performed, and as such, is subject to divisibility.

42.     Plaintiff has failed to mitigate and lessen damages, if any they sustained, as required by law, and is barred from recovery by reason thereof against Defendants.

43.     The matters complained of in the Complaint were proximately caused, in whole or in part, by the acts or omissions of a third party or parties or Plaintiff. Accordingly, the liability of

5

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

the Defendants and responsible parties, named or unnamed, should be apportioned according to their respective degrees of fault or other legal responsibility, and the liability, if any, of Defendants should be reduced accordingly.

44.     Any and all contracts alleged explicitly or implicitly in the Complaint were modified by the parties, and Plaintiff is barred from recovery on such contracts by reason of said modification.

45.     A new contract was substituted in place of the original contract(s), if any, and Plaintiff is barred from recovery on the original contract(s), if any.

46.     If there presently exists or ever existed, any or all of the alleged rights, claims or obligations which Plaintiff seeks by way of its Complaint, said claims or obligations are unenforceable by reason of mutual mistake.

47.     If there presently exists or ever existed, any or all of the alleged rights, claims or obligations which Plaintiff seeks by way of its Complaint, said claims or obligations are unenforceable because the written agreement is not fully integrated.

48.     If there presently exists or ever existed, any or all of the alleged rights, claims or obligations which Plaintiff by way of its Complaint, said claims or obligations are unenforceable because Plaintiff assumed the risk involved in the transaction.

49.     Any obligations of Defendants to Plaintiff, its agents, principals, predecessors, successors, nominees and/or assigns, and to the holder of the alleged Note and/or Mortgage, have been discharged.  Without limitation, Defendants tendered payment.  Upon information and belief, a third party tendered payment and/or paid Defendants' alleged debts.

50.     Defendants entered into any and all contracts under duress caused by Plaintiff's misbehavior.

51.     But for Plaintiff's misrepresentations and other misbehavior and Defendants' duress, Defendants would not have entered into any loan agreement or contract.

52.     Because Plaintiff's misrepresentations and other misbehavior were the proximate cause of Defendants' duress, Defendants are entitled to avoid the contract.

53.     Plaintiff lacks capacity to sue.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

6

54. There is no landlord-tenant relationship between Plaintiff and Defendants, and therefore Plaintiff do not qualify for relief under the applicable statutes.

55. Plaintiff did not have prior possession of the real property at issue, and therefore Plaintiff does not qualify for relief under the applicable statutes.

## COUNTERCLAIMS

### FIRST COUNTERCLAIM
### (Quiet Title)

56. At all times relevant to this Complaint, Defendants were and are in possession and have been in continuous possession of the real property at issue, against all the world, and have paid all lawful property taxes thereon.

57. The real property at issue is the homestead and domicile of Defendants.

58. Defendants have superior and legal title to, and other interest in, the real property at issue.

59. At all times relevant to this Complaint, Defendants were and are the owner of the real property at issue and entitled to such ownership and use without interference by Plaintiff.

60. Plaintiff's claims to any right, title or interest in the property are false and without merit. Defendants seek a decree quieting title to the real property at issue in Defendants, and such further equitable relief as the Court deems proper.

61. As a result of Plaintiff's wrongful actions, Defendants have suffered damages in excess of $75,001 to be determined at trial.

### SECOND COUNTERCLAIM
### (Fair Debt Collection Practices Act, "FDCPA" (15 U.S.C. § 1692-1692o))

62. Plaintiff and the real parties in interest are "debt collector[s]" as defined by 15 U.S.C. § 1692a (6) and other definitional requirements and devotes a substantial portion of its business to the collection of consumer debts, such as the alleged debt at issue in this litigation.

63. The alleged debt at issue in this litigation is covered as a debt as defined 15 U.S.C. 1692a (5), since it was incurred for the personal, family or household purposes of the Defendants and the filing of documents under purported authority, which parties did not have, to falsely

7

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

represent that it had interests for the personal, family or household purposes of the Defendants which violated 15 U.S.C. § 807 (10), 808 (6)(A) and 812.

64.     Defendants timely disputed all notices and claims of debt and demanded verification and validation.

65.     Plaintiff and the real parties in interest violated 15 U.S.C. § 1692g (b) by failing to obtain verification and validation of the alleged debt and failing to mail copies thereof to the Defendants after it was timely disputed and demanded that verification and validation be sent to them.

66.     Plaintiff and the real parties in interest further violated 15 U.S.C. § 1692g(b) by continuing to proceed with debt collection activities, including instituting foreclosure proceedings, without providing the required verification and validation.

## THIRD COUNTERCLAIM
### (Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.))

67.     Defendants timely sent a qualified written request to Plaintiff and the real parties in interest requesting information on the status of the alleged default and the reasons for the rejection of payments.

68.     Plaintiff and the real parties in interest failed to respond.

69.     After 60 days, Defendants sent a second qualified written request directed at specific information involved in the creation of a default.

70.     Plaintiff and the real parties in interest never responded.

71.     As a result of the wrongful actions of Plaintiff and the real parties in interest, Defendants have suffered damages in excess of $75,001 to be determined at trial.

## FOURTH COUNTERCLAIM
### (Truth in Lending (15 U.S.C. § 1601 et seq.))

*TILA DAMAGES*

72.     The creditor failed to make correct disclosures, and made incorrect disclosures, in violation of 15 U.S.C. § 1638(a).

73.     Defendants acted in reliance on the creditor's faulty TILA disclosures, to

8

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendants' detriment.

74.     As a result, Defendants sustained damages in excess of $75,001 to be determined at trial.

**FIFTH COUNTERCLAIM**<br>**(Civil Conspiracy (18 U.S.C. 1965))**

75.     Plaintiff and its predecessors in interest knowingly fomented and operated a conspiracy with unknown others, to be determined in discovery.

76.     Plaintiff and its predecessors in interest and unknown others agreed to a definite plan to achieve an unlawful end, or to achieve a lawful end by unlawful means, and took overt steps to follow that plan, to be determined in discovery.

77.     Damage, in excess of $75,001 to be determined at trial, resulted to Defendants from an act or acts done in furtherance of the common design.

78.     Plaintiff and its predecessors in interest and unknown others knowingly acted in concert to commit fraudulent acts, to be determined in discovery.

79.     Plaintiff and its predecessors in interest and unknown others acted with full knowledge and awareness of the fraud.

80.     Plaintiff and its predecessors in interest and unknown others acted in their respective roles according to a predetermined and commonly understood and accepted plan of action, to be determined in discovery.

81.     The acts of the Plaintiff and its predecessors in interest and unknown others were contrary to numerous provisions of law.

82.     There was a meeting of the minds between and among the Plaintiff and its predecessors in interest and unknown others to commit the unlawful acts alleged herein.

83.     This conspiracy to commit these unlawful, overt acts proximately caused and continues to cause Defendants' damages as alleged.

84.     Plaintiff and its predecessors in interest committed an actionable wrong in which the defendants participated or in which they concurred, expressly or tacitly, with knowledge of its unlawful purpose.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

85.   Plaintiff and its predecessors in interest concerted or combined to defraud or cause other injury to property, which resulted in damage to the property of Defendants.

86.   As a result of the conduct of the Plaintiff and its predecessors in interest and unknown others, Defendants have suffered injury to their business and property.

87.   Defendants have been damaged in excess of $75,001 to be determined at trial, and should be awarded punitive damages in accordance with the evidence, plus costs.

## SIXTH COUNTERCLAIM
### (Defamation)

88.   Upon information and belief:

89.   Plaintiff and its predecessors in interest have published and caused to be published, false and misleading information directly damaging the reputation of Defendants as an individual and in their professions.

90.   Plaintiff and its predecessors in interest have submitted and reported false and misleading information to credit bureaus, which was then transmitted and published to their subscribers and to others, directly and indirectly damaging the reputation of Defendants as an individual and in their profession.

91.   The false and misleading publication and reporting by Plaintiff and its predecessors in interest constitutes Defamation *per se.*

92.   Defendants' reputation and standing in the community have been damaged by these false and misleading publications by Plaintiff and its predecessors in interest and have resulted in lost employment opportunities; an inability to secure credit on favorable terms; and severe limitations on Defendants' ability to function within their professions.

93.   As a result, Defendants sustained damages in excess of $75,001 to be determined at trial.

## SEVENTH COUNTERCLAIM
### (Fraud)

94.   Upon information and belief, this lawsuit was not authorized by the relevant Board(s) of Directors, or otherwise properly authorized.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

10

## EIGHTH COUNTERCLAIM
### (Declaratory Judgment)

95.     Upon information and belief:

96.     Plaintiff and its predecessors in interest did not lend any of their assets.

97.     Plaintiff and its predecessors in interest did not lend any money.

98.     Plaintiff and its predecessors in interest have no ownership interest in the real property at issue.

99.     Plaintiff and its predecessors in interest have no legal relationship with Defendant.

100.    Plaintiff and its predecessors in interest have no secured interest in Defendants' property.

101.    A justiciable controversy exists as to Defendants' entitlement to an assignment from Plaintiff and its predecessors in interest of the rights of Plaintiff and its predecessors in interest under the Note, Mortgage and Security Interest.

102.    Plaintiff and its predecessors in interest should be compelled to assign to Defendants all of Plaintiff's rights under the Note, Mortgage and Security Interest.

103.    The failure by Plaintiff and its predecessors in interest to assign the Note, Mortgage and Security Interest has damaged Defendants in excess of $75,001 to be determined at trial.

104.    Defendants seek a decree declaring that there is no legal relationship between Plaintiff or the real parties in interest and Defendant, and that Plaintiff and its predecessors in interest have no rights to, or secured interest in, Defendants' property.


## PRAYER FOR RELIEF

105.    WHEREFORE, Defendants demands judgment against Plaintiff and its predecessors in interest as follows:

106.    That Plaintiff take nothing by its Complaint and that Defendants have judgment against Plaintiff and recover costs of suit herein incurred; or in the alternative, money judgment sufficient to retire the alleged contract; and such other relief as the court may deem proper.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

107.    On Defendants' First Counterclaim (Quiet Title), an Order declaring Defendants to be the owner and entitled to possession of the real property at issue free of any claim, estate, title, lien or interest of Plaintiff or those claiming under Plaintiff, and quieting title in such property in Defendants.

108.    On Defendants' Second Counterclaim (FDCPA), a Judgment for damages in an amount in excess of $75,001 to be proven;

109.    On Defendants' Third Counterclaim(RESPA), a Judgment for damages in an amount in excess of $75,001 to be proven;

110.    On Defendants' Fourth Counterclaim (Truth in Lending (15 U.S.C. § 1601 et seq.)), a Judgment for damages in an amount in excess of $75,001 to be proven;

111.    On Defendants' Fifth Counterclaim (Civil Conspiracy (18 U.S.C. 1965)), a Judgment for damages in an amount in excess of $75,001 to be proven;

112.    On Defendants' Sixth Counterclaim (Defamation), a Judgment for damages in an amount in excess of $75,001 to be proven;

113.    On Defendants' Seventh Counterclaim (Fraud), an Order compelling Plaintiff to release its lien/security interest, and a Declaration that such security interest is null and void.

114.    On Defendants' Eighth Counterclaim (Declaratory Judgment),  a Declaratory Judgment that there is no legal relationship between Plaintiff and Defendant, and that Plaintiff have no rights to, or secured interest in, Defendants' property;  and an Order compelling Plaintiff to assign to Defendants all of Plaintiff's rights under the Note, Mortgage and Security Interest.

115.    An injunction enjoining Plaintiff from reporting negative information to any credit bureau pending resolution of this case.

116.    Damages in the amount of the totals for all counterclaims to be determined at trial, and such other relief as the Court may think just.


**WHEREFORE,** Defendant removes the above entitled action now pending in the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida to the United States District

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

12

Court for the Middle District of Florida, Tampa Division.


DATED this __/0__ day of October, 2011.


Todd A. Ross
189 Fish Hawk Drive
Winter Haven, FL  33884-4168
(480) 455-7711

Danielle Ross
189 Fish Hawk Drive
Winter Haven, FL  33884-4168
(480) 455-7711


13

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

## CERTIFICATE OF SERVICE

I certify that upon the date last written below I served a true copy of the foregoing on:

HSBC BANK USA
c/o Courtney Kilbourne, Esq.
Kahane & Associates, P.A.
8201 Peters Road, Ste. 3000
Plantation, Florida 33324

by United States first class mail, postage prepaid.

DATED this ___10___ day of October, 2011.

Todd A. Ross

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

14