Todd A. Ross
189 Fish Hawk Drive
Winter Haven, FL 33884-4168
(480) 455-7711

FILED

12 JAN 26 AM 10: 52

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF FLORIDA

# TAMPA DIVISION

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR SG MORTGAGE SECURITIES TRUST 2006-OPT2, ASSET BACKED CERTIFICATES, SERIES 2006-OPT2,<br><br>Plaintiff,<br><br>vs.<br><br>TODD A. ROSS; DANIELLE ROSS; AMERICAN HOME MORTGAGE SERVICING, INC. AS SUCCESSOR-IN-INTEREST TO OPTION ONE MORTGAGE CORPORATION; HART LAKE COVE HOMEOWNERS ASSOCIATION, INC.; UNKNOWN PERSON(S) IN POSSESSION OF THE SUBJECT PROPERTY;<br><br>Defendants. | Case No.: 8:11-cv-02019-RAL-TGW |

## ROSS DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
## TO STRIKE AFFIRMATIVE DEFENSES

Defendants Todd Ross and Danielle Ross respond to PLAINTIFF'S MOTION TO STRIKE DEFENDANTS', TODD A. ROSS AND DANIELLE ROSS, AFFIRMATIVE

DEFENSES filed by Plaintiff HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR SG MORTGAGE SECURITIES TRUST 2006-OPT2, ASSET BACKED CERTIFICATES, SERIES 2006-OPT2 ("HSBC").

All parties are supposed to be treated equally, on an equal footing. Westlaw is a private service, not available to all, and specifically not available to Defendants, therefore Plaintiffs should not be allowed to cite cases that can be found only in Westlaw. All such citations should be stricken, and Plaintiff moves so to strike.

The Motion seems to suggest that the sheer number of Affirmative Defenses ("*39*") is too large. However, 39 is a small fraction of the Affirmative Defenses that could be raised. See for example the list of *140* Affirmative Defenses at http://www.jeffvail.net/2010/05/affirmative-defenses-litigation.html

The Motion states:

The Affirmative Defenses are filled with baseless legal conclusions that are not supported by any facts whatsoever,

However, the Affirmative Defenses are not noticeably different from affirmative defenses that are routinely filed in courts across the nation. For example, the Affirmative Defenses put forward by HSBC in Case 3:11-cv-03994-MMC in the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA- SAN FRANCISCO DIVISION, in their ANSWER OF DEFENDANT HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ALTERNATIVE LOAN 007-PAJ TRUST MORTGAGE ASSET-BACK[ED] PASS-THROUGH CERTIFICATES, SERIES 2007-PAJ TO PLAINTIFF'S COMPLAINT are:

FIRST AFFIRMATIVE DEFENSE
Defendant alleges that Plaintiff has failed to state facts sufficient to constitute a claim upon which relief may be granted.
SECOND AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to join an indispensable party and/or a necessary party.

THIRD AFFIRMATIVE DEFENSE

Defendant alleges that the entire Complaint, and each cause of action thereof, is barred against Defendant by the doctrine of preemption.

FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that the entire Complaint, and each cause of action thereof, is barred against Defendant by the doctrine of waiver.

FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that the entire Complaint, and each cause of action thereof, is barred against Defendant by the doctrine of estoppel.

SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that the entire Complaint, and each cause of action thereof, is barred against Defendant by the doctrine of unclean hands.

SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff would be unjustly enriched if she were awarded the relief it seeks, and such relief is therefore barred.

EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to plead fraud with particularity.

NINTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff failed to exercise reasonable diligence in mitigating any damages allegedly sustained as a result of the alleged acts of Defendant.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to setoff and/or recoupment and must be reduced accordingly.

TWELFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses which may be disclosed during discovery in this action.

As another example, the Affirmative Defenses put forward by HSBC in Case 8:05-cv-02260-SDM-TBM IN THE Circuit COURT OF THE THIRTEENTH JUDICIAL Circuit, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA are:

DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

As HSBC's first affirmative defense, HSBC alleges that the Devitt has failed to take proper or reasonable action to mitigate any damages he might have suffered, and is thus precluded from recovery herein to the extent of his failure to mitigate.

DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

As HSBC's second affirmative defense, HSBC alleges that any violation of Florida Statutes, §559.72 by HSBC, if applicable, was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

As HSBC's third affirmative defense, HSBC alleges that HSBC acted at all times without malice. Thus, Devitt's claim is barred as a matter of law.

DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

As HSBC's fourth affirmative defense, HSBC alleges that assuming the Devitt suffered any damages for which HSBC is found to be liable, which HSBC specifically denies, any conceivable damages to Devitt are offset by Devitt's failure to pay HSBC all amounts due on his account with HSBC.

DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

As HSBC's fifth affirmative defense, HSBC alleges that the Complaint should be dismissed because it fails to state a cause of action.

DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

As HSBC's sixth affirmative defense, HSBC alleges that Devitt's claim is barred because Devitt has failed to allege that. Plaintiff is a consumer or a debtor as required under Florida Statutes §559.72 and, thus, no cause of action under that statute has accrued.

DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

As HSBC's seventh affirmative defense, HSBC alleges that Devitt cannot recover punitive damages because: (1) his claims are not viable as a matter of law; arid (2) .he cannot show the level of willfulness or malice required to recover such damages.

DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

As HSBC's eighth affirmative defense, HSBC alleges that the Devitt's claims for punitive damages are limited and restricted by the Constitution of the United States, the Due Process Clause of the Fourteenth Amendment to said Constitution, and the limitations and criteria in <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559 (1996), and <u>State Farm Mutual Auto. Ins. Co. v. Campbell</u>. 538 U.S. 408 (2003). The Devitt's claims for punitive damages are further limited and restricted by the provisions of the Florida Constitution and· the applicable provisions of Florida Statutes, Chapter 768 ..

DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

As HSBC's ninth affirmative defense, HSBC alleges that if applicable, Devitt's damages under Florida Statutes, §559.72 are limited to the statutory damages provided for in Florida Statutes, §559.77(2).

DEFENDANT'S TENTH AFFIRMATIVE DEFENSE

As HSBC's tenth affirmative defense, HSBC alleges the Complaint fails to allege compliance with all conditions precedent to maintaining this action.

DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE

As HSBC's eleventh affirmative defense, HSBC alleges that the Devitt's damages, if any, must be apportioned between negligent persons and/or entities not a party to this action. See <u>Fabre v. Marin</u>, 623 So. 2d 1182 (Fla. 1993).

DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE

As HSBC's twelfth affirmative defense, HSBC alleges Devitt, by participating in ongoing negotiations with HSBC regarding payment of his account, has waived, and is estopped to assert, any act of HSBC constituted a violation of §559.72.

DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE

>As HSBC's thirteenth affirmative defense, HSBC alleges all calls it made to Devitt were for the purpose of informing or reminding him of the debt, to determine his reasons for nonpayment, to negotiate his payment of the debt or to persuade him to pay the debt without litigation.
>DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE
>As HSBC's fourteenth affirmative defense, HSBC alleges Devitt never asked HSBC to stop calling him.
>DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE
>As HSBC's fifteenth affirmative defense, HSBC allege~ that it specifically reserves the right to plead any and all additional affirmative defenses that may become. known during the course of discovery.

It will be seen that the Rosses' Affirmative Defenses are no more "baseless" or "conclusory" or "unsupported by facts" than HBSC's own Affirmative Defenses in the above cases.

The Motion continues:

>and some of the Rosses' Affirmative Defenses are patently frivolous because they do not apply to foreclosure actions. For example, in paragraph 54 of the Affirmative Defenses, Defendants state that "There is no landlord-tenant relationship between Plaintiff and Defendants, and therefore Plaintiff do[es] not qualify for relief under the applicable statutes." DE 14 at ¶ 54. Plaintiff, however, is not suing under any landlord tenant statutes.

Defendants suggest that Plaintiff is, indeed, suing under landlord-tenant statutes. The legislative history (which Defendants have neither time nor expertise to research properly) may well show that the foreclosure statutes have their origin in landlord-tenant statutes. At any rate, Defendants are also anticipating that Plaintiff will amend the Complaint to include an eviction action, which IS a landlord-tenant statute.

The Motion states:

>Indeed, this is a classic attempt to hurl as many theories or contentions as possible in the hopes that something will "stick."

But what does "stick" mean? "Stick" can only mean that the Court agrees with something. Is HSBC actually suggesting that Defendants should remain silent and avoid saying things that the Court would agree with? Defendants urge upon the Court that they have a Constitutional right to

RESPONSE TO HSBC MOTION TO STRIKE AFFIRMATIVE DEFENSES

5

"hurl" (or "assert") any theory or contention that might "stick" – under the Petition Clause or the First Amendment if nothing else. Affirmative Defenses are waived if not asserted in the Answer; Defendants have a right to not waive anything; therefore, Defendants have a right to assert any and all possible Affirmative Defenses in the Answer.

In the event that any of the Affirmative Defenses are stricken, Defendants ask leave to re-plead.

The Motion states:

> Paragraphs 20, 21, 22, 23, 27, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 50, and 53 are comprised of mere legal conclusions and provide no factual allegations whatsoever. ... Because these Affirmative Defenses contain no factual allegations, it is impossible for Plaintiff to respond to or avoid them.

However, again, these Affirmative Defenses do not differ from those asserted daily across the nation, and set forth in textbooks.

The Motion states:

> Not only are these vague one-sentence Affirmative Defenses insufficient to meet Fed. R. Civ. P. 8, given that they are based in "fraud or mistake," they must be pled with particularity pursuant to Fed. R. Civ. P. 9(b).

However, the Answer sets forth the particulars of fraud: that Plaintiff had no valid mortgage and made actions and comments to Defendants to the contrary (paragraph 24); that the "Lender" never loaned any money and made actions and comments to Defendants to the contrary (paragraph 25); acts by Plaintiff and its predecessors in interest and unknown others to be determined in discovery (paragraph 78); that this lawsuit was not properly authorized (paragraph 94).

The Motion states:

> In paragraphs 26 and 33, the Rosses allege that Plaintiff is not the owner of the mortgage and that Plaintiff does not have standing to sue. ... Plaintiff does not need to *own* the mortgage in order to maintain this foreclosure action. Rather, the"person having standing to foreclose a note secured by a mortgage may be either the *holder* of the note or a *nonholder in possession* of the note who has the rights of a holder."

RESPONSE TO HSBC MOTION TO STRIKE AFFIRMATIVE DEFENSES

However, Defendants have clearly alleged that Plaintiff does not have standing to sue, and Plaintiff has demonstrated its understanding that this is another way of saying that Plaintiff is neither the holder of the note nor a nonholder in possession of the note. Defendants have also alleged (paragraph 26) that "Plaintiff was not the owner of the beneficial interest in the Note" from which it would follow that Plaintiff does not have "the rights of a holder." In addition, the owner of the *mortgage* is the person entitled to enforce the note, since the mortgage follows the note. This was pronounced by the Supreme Court of the United States in 1872 in Carpenter v. Longan, 83 US. 271, 274 as follows:

> "...the note and mortgage are inseparable..., the assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity".

See also Sobel v. Mutual Dev. Inc., 313 So. 2d 77 (Fla. 1 DCA 1975).

## CONCLUSION

The Affirmative Defenses are not materially different from affirmative defenses filed daily across the nation, including those filed by Plaintiff in other cases. They contain adequate facts to put Plaintiff on notice, and they should not be stricken.

In the event that any of the Affirmative Defenses are stricken, Defendants ask leave to re-plead.

DATED this ___ day of January, 2012.

_____
Todd A. Ross
189 Fish Hawk Drive
Winter Haven, FL 33884-4168
(480) 455-7711

_____
Danielle Ross
189 Fish Hawk Drive
Winter Haven, FL 33884-4168
(480) 455-7711

RESPONSE TO HSBC MOTION TO STRIKE AFFIRMATIVE DEFENSES

## CERTIFICATE OF SERVICE

I certify that upon the date last written below I served a true copy of the foregoing on:

HSBC BANK USA
c/o Courtney Kilbourne, Esq.
c/o Z. Suzanne Arbide
Kahane & Associates, P.A.
8201 Peters Road, Ste. 3000
Plantation, Florida 33324

HSBC BANK USA
c/o Natalie F. Guerra-Valdes
Arnstein & Lehr, LLP
200 E Las Olas Blvd, Suite 1700
Fr Lauderdale, FL 33301

by United States first class mail, postage prepaid.

DATED this 21 day of January, 2012.

_____
Todd A. Ross

RESPONSE TO HSBC MOTION TO STRIKE AFFIRMATIVE DEFENSES

8