**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CASE NO: 8:11-cv-2019-T-35-TGW

HSBC BANK USA, NATIONAL ASSOCIATION,
AS TRUSTEE FOR SG MORTGAGE SECURITIES
TRUST 2006-OPT2, ASSET BACKED CERTIFICATES,
SERIES 2006-OPT2

Plaintiff,

vs.

TODD A. ROSS and DANIELLE ROSS

Defendants.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS', TODD A. ROSS AND DANIELLE ROSS, MOTION FOR LEAVE TO AMEND [DE 25]

Plaintiff, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR SG MORTGAGE SECURITIES TRUST 2006-OPT2, ASSET BACKED CERTIFICATES, SERIES 2006-OPT2 ("HSBC"), by and though its undersigned counsel, files this Response in Opposition to Defendants', TODD A. ROSS and DANIELLE ROSS ("Defendants"), Motion for Leave to Amend [DE 25], and states as follows:

1.      On August 15, 2011, Plaintiff filed its Verified Complaint to foreclose its Mortgage. The Complaint was filed in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, Case No. 53-2011-CA-3725-0000-00.

2.      On September 6, 2011, Defendants removed the action to this Court.

3.      On September 22, 2011, Defendants filed their Motion to Dismiss [DE 6], which was denied by this Court on the very same day [DE 9]. As this Court recognized in its Order denying Defendants' Motion to Dismiss, Plaintiff's Complaint is "a standard mortgage

1

foreclosure complaint routinely filed in mortgage foreclosure cases such as this one." *See* DE 9 at 1.

4.     On October 11, 2011, Defendants filed their Answer, Affirmative Defenses, and Counterclaim [DE 14].

5.     On November 3, 2011, Plaintiff filed its Motion to Dismiss all eight counts of the Counterclaim brought by Defendants [DE 16].

6.     The Defendants' Counterclaim consists of eight causes of action: (1) quiet title; (2) Fair Debt Collection Practices Act ("FDCPA"), (3) Real Estate Settlement Procedures Act ("RESPA"), (4) Truth in Lending Act ("TILA"), (5) civil conspiracy, (6) defamation, (7) fraud, and (8) declaratory judgment. As explained in further detail in Plaintiff's Motion to Dismiss [DE 16], most, if not all, of the Defendants' causes of action fail to meet the federal pleading requirements set out by Fed. R. Civ. P. 8 and 9 and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Moreover, the Defendants' claims for alleged violations of RESPA and TILA are barred by the one year statute of limitations, which expired over four years ago.

7.     On December 5, 2011, Defendants filed their Response to Plaintiff's Motion to Dismiss [DE 20]. Plaintiff's Motion to Dismiss has therefore been ripe for ruling by this Court for over two months.

8.     On December 29, 2011, Plaintiff filed its Motion to Strike the *38* Affirmative Defenses asserted by Defendants. *See* DE 22. As further discussed in Plaintiff's Motion to Strike, the Affirmative Defenses asserted by Defendants are filled with baseless legal conclusions that are not supported by any facts whatsoever, and some of the Affirmative Defenses are patently

frivolous because they do not apply to foreclosure actions. Defendants' Affirmative Defenses are a sham and are merely a tactic to slow down the foreclosure process.

9.      On January 26, 2012, after the deadline to responding to Plaintiff's Motion to Strike had passed, Defendants filed their Motion for Leave to File Out of Time Response to the Motion to Strike [DE 23]. On February 13, 2012, Plaintiff responded to the Motion, notifying the Court that Plaintiff does not have any objection to the relief requested in Defendants' Motion. *See* DE 26. As of this date, the Court has not ruled on Defendants' Motion for Leave to File Out of Time Response to the Motion to Strike.

10.     On February 1, 2012, Defendants filed their Motion for Leave to Amend [DE 25], as well as a Motion to Modify the Scheduling Order [DE 24]. Defendants are seeking to extend this simple foreclosure action by filing another baseless Affirmative Defense and by attempting to bring Cross-Claims and Third Party claims that have nothing to do with the simple foreclosure Complaint filed by Plaintiff.

11.     Defendants' tactic to drag out this case for as long as possible has been clear from the very beginning. Since the very first case management conference that undersigned counsel and Mr. Ross had, Defendants made it clear that they did not want any discovery deadlines in 2012 and did not want a trial in this matter to be set until September 2013 – more than two years after the filing of this garden variety foreclosure action. *See* DE 17.

12.     In their Motion to Modify the Scheduling Order, Defendants request, without any basis whosoever for doing so, that the Court extend **all** of the deadlines by six months, thereby accomplishing their goal of moving the discovery cutoff to 2013 and the trial to May 2013.

13.     Defendants seek to add a *39th* Affirmative Defense – "The original lender, 'H&R Block Mortgage Corporation, a Massachusetts Corporation' (now Ada/OOMS), never assigned

the loans to any Securitization Trust. Therefore, the Securitization Trustee, HSBC as Trustee, is

not a creditor and has no right to foreclose." *See* DE 25-1 at ¶ 56. The Assignment of Mortgage,

which is attached as an exhibit to the Complaint [DE 2], shows that H&R Block Mortgage Corp.

assigned the Mortgage to Option One Mortgage Corporation. As stated in Plaintiff's Complaint,

Plaintiff is now the holder of the Mortgage and is entitled to enforce same. Therefore,

Defendants' proposed Affirmative Defense is baseless.

14.     Defendants are also seeking leave to add a "Cross-Complaint" against entities that

are not currently parties to this action. Defendants' "Cross-Complaint" is therefore procedurally

improper, as a crossclaim is a claim asserted "by one party against a coparty." *See* Fed. R. Civ. P.

13(g).

15.     Further, pursuant to Fed. R. Civ. P. 13(g),

> A pleading may state as a crossclaim any claim by one party
> against a coparty if the claim arises out of the transaction or
> occurrence that is the subject matter of the original action or of a
> counterclaim, or if the claim relates to any property that is the
> subject matter of the original action. The crossclaim may include a
> claim that the coparty is or may be liable to the cross-claimant for
> all or part of a claim asserted in the action against the
> crossclaimant.

Here, Defendants are asserting claims against nonparties for breach of a confidential settlement

agreement that has nothing to do with the foreclosure of Plaintiff's Mortgage.

16.     Importantly, the confidential settlement agreement filed as an exhibit to

Defendants' Motion for Leave, should have been filed under seal, if Defendants' deemed it

necessary to file the confidential settlement agreement. Because Defendants filed the confidential

settlement agreement, they have breached the terms of the settlement agreement and cannot now

seek to enforce it. The confidential settlement agreement should be removed from the Court file

and the Defendants should be ordered to file it under seal, should they deem it necessary to file it.

17.     Moreover, to the extent that Defendants' claims against the parties that Defendants now seek to join are not claims for breach of the confidential settlement agreement, when Defendants executed the confidential settlement agreement, Defendants agreed to "release and forever discharge" these parties from any claims Defendants had or currently have that arise from the Loan, as well as claims that were brought or that could have been brought in the case styled *Ross v. Option One Mortgage Corporation and Option One Mortgage Services, Inc.*, Case No. 07-cv-1967-T-33TGW. Therefore, Defendants' "Cross-claims" are frivolous, or at the very least, are not properly brought in this mortgage foreclosure action.

18.     To the extent that Defendants intend on bringing a third party claim, Fed. R. Civ. P. 14(a)(1) provides that "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty *who is or may be liable to it for all or part of the claim against it*." Here, Defendants do not claim that any of the parties they seek to join are liable to Defendants for all or part of the claim asserted against Defendants by Plaintiff. Defendants do not claim that these "third parties" are responsible for Defendants' failure to abide by the terms of the Note and Mortgage, nor do Defendants allege that these "third parties" are responsible for Defendants defaulting under the terms of the Mortgage. Therefore, Defendants' third party claims are procedurally improper.

19.     In its Case Management and Scheduling Order [DE 18], this Court specifically stated that "Parties shall take heed that motions to amend any pleading . . . after issuance of this Case Management and Scheduling Order *are disfavored*." (emphasis in original). *See also* Local Rule 3.05(c)(2)(E).

5

20.     In their Motion for Leave to Amend, which was filed ***almost three months after the issuance of this Court's Case Management and Scheduling Order*** [DE 18], Defendants provide ***no basis whatsoever*** for their proposed amendments, nor do they provide any reasons why a third party complaint should be permitted in a simple foreclosure action. Instead, Defendants rely solely on Fed. R. of Civ. P. 15(a), which provides that leave to amend shall be freely given when justice so requires. Here, Defendants will not be prejudiced if they are not granted leave to amend because their new affirmative defense is baseless. Further, Defendants have provided no basis for asserting third party claims or "cross-claims" against entities that are not parties to this action, or for asserting claims that appear to either have been released or waived by agreement or are completely unrelated to this action.

21.     Defendants' Motion for Leave to Amend is simply a dilatory tactic that should not be tolerated.

22.     For all of the reasons set forth herein, Plaintiff respectfully requests that Defendants' Motion for Leave to Amend [DE 25] be denied.

131093.01255/50420499v.1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 15, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record and served a copy of the foregoing on Defendants, Todd A. Ross and Danielle Ross via e-mail.

By: */s/ Natalie F. Guerra-Valdes*_____
Blank Rome, LLP
NATALIE F. GUERRA-VALDES
Florida Bar No.: 58737
NValdes@BlankRome.com
1200 North Federal Highway, Suite 312
Boca Raton, Florida 33432
Telephone: 561-417-8100
Facsimile: 561-417-8101

131093.01255/50420499v.1